IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br>BERT WILLIAM JOHNSON,<br>Movant | :<br>: Case No. 3:10-cr-7-KRG-KAP<br>:(Case No. 3:13-cv-111-KRG-KAP)<br>: |

Report and Recommendation

Recommendation

Bert Johnson filed a motion to vacate sentence at docket no. 232. I recommend that it be denied without prejudice to the expected motion for reduction of sentence pursuant to 28 U.S.C.§ 3582. See docket no. 250 and docket no. 253.

Report

Johnson pleaded guilty on August 30, 2010, to several counts of a March 2010 indictment that charged him and several co-conspirators with controlled substances offenses, specifically dealing in crack cocaine. Count One charged a conspiracy to distribute five grams or more of cocaine base; Count Six charged possession with intent to distribute five grams or more of cocaine base. Under 21 U.S.C.§ 841(a)(1) and (b)(1)(B)(iii) as they then were written this required imposition of a 5 year mandatory minimum sentence and set the maximum sentence at 40 years. At sentencing on February 3, 2011, the Court determined that the weight of the crack cocaine attributable to Johnson was 35.79 grams. Due to Johnson's criminal history, United States Sentencing Guidelines §4A1.1 directed that Johnson be considered a career offender (criminal history category VI). Under United States Sentencing

Guidelines § 4B1.1(b), base offense levels are determined by the maximum sentence for the crime of which the offender is guilty: a crime with a maximum of life has a base offense level of 37; a crime with a maximum of 25 years or more has a base offense level of 34. After Johnson received a 3 point reduction for acceptance of responsibility, his offense conduct level of 31 and criminal history category of VI resulted in an advisory sentence range of 188-235 months. The Court actually imposed a sentence of 180 months. The Court of Appeals affirmed at United States v. Johnson, No. 11-1413 (3d Cir.December 30, 2011), and issued the mandate in June 2012, docket no. 206. Johnson filed his motion to vacate in May 2013. I gave notice under United States v. Miller, 197 F.3d 644 (3d Cir.1999) that Johnson could amend his motion, docket no. 233, and Johnson advised that he would be filing an amendment, docket no. 234. When no timely amendment was filed I ordered a response, docket no. 235. After extension of time, the government filed a Response, docket no. 248, to which Johnson replied, docket no. 249.

Johnson's motion to vacate asserts two claim, first that the Court erred in not applying the Fair Sentencing Act, and second that his counsel was ineffective for failing to assert at sentencing or preserve on appeal that the Court erred in not applying the Fair Sentencing Act. This reduces to one claim: that Johnson's counsel was ineffective for failing to assert at

2

sentencing or preserve on appeal that the Court erred in not applying the Fair Sentencing Act. Johnson asserts that the Fair Sentencing Act prescribed a base offense level of 32 for him. The government responds that the weight of cocaine base found attributable to Johnson drives a base offense level of 34 either before or after the Fair Sentencing Act, so the claim of ineffective assistance of counsel lacks any foundation. The government is correct.

The Fair Sentencing Act of 2010, Pub.L. 111-220, 124 Stat. 2372 (August 3, 2010) was effective on August 3, 2010, so there is no dispute that it was the law at the time of Johnson's sentencing. <u>Dorsey v. United States</u>, 132 S.Ct. 2321 (2012) (application of FSA determined by date of sentencing, not date of offense conduct). It is also not in dispute that the Act increased the weight of crack cocaine necessary to trigger the mandatory minimum sentence of 5 years from 5 grams to 28 grams. Under 21 U.S.C.§ 841(a)(1) and (b)(1)(C) as they are now written, possessing 5 grams of crack cocaine with intent to distribute would result in exposure to a sentence of 5-20 years. It is also not in dispute that because the Guidelines set base offense levels on the basis of the maximum sentence, a lower maximum sentence of 20 years would have resulted in Johnson's base offense level being 32, with an initial guideline range of 151-188 months. Johnson concludes that

counsel was ineffective for not arguing for that lower Guideline range.

The flaw in Johnson's reasoning is hidden in his assertion that the Court should have "in light of the Fair Sentencing Act correctly found that [] Petitioner's offense conduct only consisted of 5 grams of cocaine base." Memorandum at 6. Johnson's mistake is probably due to the difference in the way drug offenses are charged before and after the Fair Sentencing Act. Johnson's indictment, drafted before the Act, charged him in Count One with conspiracy to distribute "five grams or more of cocaine base," because 5 grams was the relevant threshold; after the Act, Count One would have been phrased as a conspiracy to distribute "twenty-eight grams or more of cocaine base" because 28 grams is now the relevant threshold. That the language of Count One referred to five grams and that the government would not phrase the indictment the same way after the Fair Sentencing Act do not mean that the government was limited to proving Johnson's responsibility for only 5 grams.

The sentencing transcript, docket no. 166, shows the Court assessing Johnson's responsibility for 35.79 grams of crack cocaine at Counts One, Two, Three, Five, and Six. Under United States Sentencing Guidelines §2D1.1, Johnson's offense conduct resulted in a base level of 26, to which the Court added 2 points for Johnson's role as an organizer or leader and subtracted 3

points for acceptance of responsibility.  The Court then put this aside, considered Johnson's career offender status, and found that Johnson was a career offender.  As I stated above, United States Sentencing Guidelines § 4B1.1(b)(2) prescribes a base offense level of 34 for a crime with a maximum of 25 years or more (but less than life).  The correct question is whether the Fair Sentencing Act affected the Guidelines by changing the sentencing maximum for an offense involving an amount of 35.79 grams of crack cocaine.

It did not.  After the Fair Sentencing Act, conviction on a charge involving more than 28 (but less than 280 grams) of a substance containing cocaine base results in a sentence of not less than 5 years and not more than 40 years.  21 U.S.C.§ 841(b)(1)(B)(iii).  Johnson does not provide any factual basis for a claim that the Court erred in attributing 35.79 grams of crack cocaine to him.  Both before and after the Fair Sentencing Act, given a sentence maximum of 40 years, United States Sentencing Guidelines § 4B1.1(b)(2) prescribed the same base offense level of 34.  Johnson's claim of error on the part of the Court rests on the faulty premise that the Act's change in the threshold weights automatically reduced all penalties regardless of the weight actually involved in the offense.  As Dorsey explains, one of the effects of the Act was to impose more lenient penalties on offenders who dealt in amounts less than 28 grams.  The Act cannot be construed to mean that an offender who dealt in 35.79 grams is

in the same legal position as an offender who deals in less than 28 grams. The claim of ineffective assistance of counsel therefore has no merit. The motion to vacate should be denied without a certificate of appealability.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 9 February 2015

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Bert William Johnson, Reg No. 31503-068
F.C.I. Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525